1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11                                              CASE NO. 13cv1190-MMA (JLB)

ROMEO BALBIN DUMLAO, JR.,
12                                              **ORDER ADOPTING REPORT AND**
                              Petitioner,       **RECOMMENDATION OF UNITED**
13                                              **STATES MAGISTRATE JUDGE;**

14          vs.                                 [Doc. No. 98]

15                                              **DENYING FIRST AMENDED**
                                                **PETITION FOR WRIT OF**
16                                              **HABEAS CORPUS;**

17                                              [Doc. No. 87]

18  SCOTT KERNAN, Secretary,                    **DENYING PETITIONER'S**
                                                **MOTIONS FOR EVIDENTIARY**
19                            Respondent.        **HEARING AND DISCOVERY**

20                                              [Doc. Nos. 95, 97]

21          Petitioner Romeo Balbin Dumlao, Jr., a state prisoner proceeding *pro se*, has

22  filed a first amended petition for writ of habeas corpus ("petition") pursuant to Title

23  28, United States Code, section 2254, challenging his June 10, 2010 conviction for

24  gross vehicular manslaughter while intoxicated, with sentencing enhancements for

25  infliction of great bodily injury.  *See* Doc. No. 87.  Petitioner also requests an

26  evidentiary hearing and leave to conduct discovery.  *See* Doc. Nos. 95, 97.  These

27  matters were referred to United States Magistrate Judge Jill L. Burkhardt for

28  preparation of a Report and Recommendation pursuant to Title 28, section

636(b)(1), and Civil Local Rule HC.2.  Judge Burkhardt has issued a thorough and well-reasoned Report recommending that all relief requested by Petitioner be denied. *See* Doc. No. 98.  Petitioner objects to the Report and Recommendation on various grounds.  *See* Doc. No. 103.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  The Court has conducted a *de novo* review of those portions of the Report to which Petitioner objects and finds his objections to be without merit and immaterial to the ultimate resolution of the issues raised in his petition.[1]

Accordingly, the Court concludes the Judge Burkhardt issued an accurate Report and well-reasoned recommendation that the petition be denied.  The Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.  The Court **DENIES** the petition with prejudice and **DENIES** Petitioner's motions for an evidentiary hearing and discovery.

///

///

---

[1] With respect to Petitioner's argument regarding his trial counsel's failure to challenge the sentencing enhancements for great bodily injury, Petitioner cites *People v. Weaver*, 149 Cal. App. 4th 1301 (2007).  The Court notes that *Weaver* was expressly disapproved recently by the California Supreme Court in *People v. Cook*, 60 Cal.4th 922 (2015), in which the court held that under California Penal Code section 12022.7(g), "great bodily injury enhancements simply do not apply to murder or manslaughter." *Id*. at 935.  At least one state appellate court has applied *Cook*'s holding to grant collateral relief and vacate a defendant's sentence that included great bodily injury enhancements related to his conviction of vehicular manslaughter while intoxicated, despite the finality of that conviction.  *See In Re Julian*, 2016 Cal. App. Unpub. LEXIS 809 (Cal. App. 4th Dist. Feb. 1, 2016).  Petitioner has not challenged his sentence based on the California Supreme Court's holding in *Cook* in these proceedings.  As such, it is not for this Court to say whether he would be entitled to any such relief.  However, Petitioner may seek relief on these grounds via a writ of habeas corpus in state court.  It would, of course, be incumbent on Petitioner to adequately explain and justify his failure to present the claim in his prior state court petitions.  *See In re Clark*, 5 Cal.4th 750, 774-775 (1993).

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For the reasons set forth in the Report and Recommendation and incorporated by reference herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability in this case.

The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATED:  March 28, 2016

Hon. Michael M. Anello
United States District Judge